# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 20-0827V

| | |
|---|---|
| MICHAEL CERVANTES,<br><br>                   Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                   Respondent. | Chief Special Master Corcoran<br><br>Filed: December 19, 2024 |

*Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Meghan Murphy, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON JOINT STIPULATION[1]

On July 8, 2020, Michael Cervantes filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving a tetanus and diphtheria ("Td") vaccine and a pneumococcal conjugate ("Prevnar-13") vaccine on September 13, 2018. Petition at 1; Stipulation, filed at December 19, 2024, ¶¶ 1-4. Petitioner further alleges that he experienced the residual effects of these injuries for more than six months. Petition at 4; Stipulation at ¶ 4. "Respondent denies that the Td and/or Prevnar-13 vaccines caused petitioner to suffer his alleged shoulder injuries or any other injury or his current condition, and denies that petitioner sustained a SIRVA Table injury in either shoulder." Stipulation at ¶ 6.

Nevertheless, on December 19, 2024, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

    a. **A lump sum of $7,353.19, representing reimbursement of a State of Connecticut Department of Administrative Services Medicaid lien for services rendered on behalf of Michael Cervantes, in the form of a check payable jointly to Petitioner and**

**Connecticut Department of Administrative Services**
**450 Columbus Boulevard**
**Collections, Suite 1001 North**
**Hartford, CT 06103**
**Case Number: 3452081**
**Attn: Sarah Black**

    **Petitioner agrees to endorse this check to the State of Connecticut Department of Administrative Services.**

    b. **An amount of $61,500.00 to purchase the annuity contract described in paragraph 10 of the attached stipulation, as set forth in the stipulation**. Stipulation at 2-4. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id*.

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

    **IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| MICHAEL CERVANTES, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 20-827V |
| | ) | Chief Special Master Corcoran |
| SECRETARY OF HEALTH | ) | ECF |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Michael Cervantes, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of a tetanus and diphtheria ("Td") vaccine and a pneumococcal conjugate ("Prevnar-13") vaccine, which are vaccines contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received the Td and Prevnar-13 vaccinations on September 13, 2018.

3. The vaccinations were administered within the United States.

4. Petitioner alleges that he sustained a shoulder injury related to vaccine administration ("SIRVA") in his left shoulder as a result of receiving the Td vaccine, and a SIRVA in his right shoulder as a result of receiving the Prevnar-13 vaccine, and that he experienced the residual effects of these injuries for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the Td and/or Prevnar-13 vaccines caused petitioner to suffer his alleged shoulder injuries or any other injury or his current condition, and denies that petitioner sustained a SIRVA Table injury in either shoulder.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(aX1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $7,353.19,[1] representing reimbursement of a State of Connecticut Department of Administrative Services Medicaid lien for services rendered on behalf of Michael Cervantes, in the form of a check payable jointly to petitioner and

Connecticut Department of Administrative Services
450 Columbus Boulevard
Co11ections, Suite 1001 North
Hartford, CT 06103
Case Number:  3452081
Attn:  Sarah Black

Petitioner agrees to endorse this check to the State of Connecticut Department of Administrative Services.

---

[1] This amount represents full satisfaction of any right of subrogation, assignment. claim, lien, or cause of action that the State of Connecticut Deparbnent of Administrative Services may have against any individual as a result of any Medicaid payments made to or on behalf of Michael Cervantes as a result of his alleged vaccine-related injury suffered on or about September 13, 2018, under Title XIX of the Social Security Act.  See 42 U.S.C. § 300aa-1S(g),(h).

b. An amount of $61,500.00 to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for aU damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a.     A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
b.     Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aal, or Aaa;
c.     Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
d.     Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Hwnan Services agrees to purchase an annuity contract from the Life Insurance Company for lhe benefit of Michael Cervantes, pursuant to which the Life Insurance Company wiU agree to make payments to Michael Cervantes, as foHows:

a. Beginning one month from the date of purchase, $1,180.08 per month for 5 years life contingent.

The purchase price of the annuity described in this paragraph shall neither be greater nor less than $61,500.00. In the event that the cost of the annuity set forth above varies from $61,500.00, the life contingent monthly payments beginning one month from the date of purchase shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $61,500.00. The monthly payments shall end with the last scheduled payment set forth above, or on the payment date immediately preceding Michael Cervantes's death, whichever is earlier. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of Michael Cervantes's death.

3

11.  The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation.  The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 13 herein, and that they do not guarantee or insure any of the future annuity payments.  Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and an obligations with respect to future annuity payments.

12.  The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred. increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner.  Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to seJI, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

13.  As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21{a)(l). and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

4

14. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

15. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 13 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutoiy funds.

16. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-tS(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-1S(g) and (h).

17. In return for the payments described in paragraphs 8 and 13, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretaiy of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injwy Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Td and/or Prevnar-13 vaccinations administered on

5

September 13, 2018, as alleged by petitioner in a petition for vaccine compensation filed on or about July 8, 2020, in the United States Court of Federal Claims as petition No. 20-827V.

18. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 13 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09 15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Td or Prevnar-13 vaccines caused or significantly aggravated petitioner's alleged shoulder injuries, or any other injury or his current condition, or that petitioner suffered an injury or injuries contained in the Vaccine Injury Table.

6

23.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

**PETITIONER:**

MICHAEL CERVANTES

**ATTORNEY OF RECORD FOR PETITIONER:**

BRIDGET MCCULWUGH
MULLER BRAZIL LLP
715 Twining Road, Suite 208
Dresher, PA 19025
Tel: (215) 885-1655
bridget@mullerbrazil.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALM AND HUMAN SERVICES:**

Jeffrey S. Beach -S    :t::: 1
Date:2024.11.os 09:49:43 -0SW    for

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

MEGHAN R. MURPHY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4264
meghan.r.murphy@usdoj.gov

Dated: _11/7/24_

8