# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 20-0827V

| | |
|---|---|
| MICHAEL CERVANTES,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: August 15, 2025 |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Meghan Murphy*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On July 8, 2020, Michael Cervantes filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration as a result of receiving a tetanus and diphtheria vaccine and a pneumococcal conjugate vaccine on September 13, 2018. Petition, ECF No. 1. On December 19, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 67.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $62,693.42 (representing $48,279.90 in fees plus $14,413.52 in costs). Application for Fees and Costs ("Motion") filed May 2, 2025, ECF No. 72. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 72.

Respondent reacted to the motion on May 5, 2025, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 73. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations and will therefore be adopted. Petitioner has also requested the hourly rate of $400.00 for 2025 work performed by attorney Bridget McCullough, representing a rate increase of $31 from the previous year. Petitioner has also requested the rate of $211 for paralegal work performed in 2025 representing a rate increase of $13 from the previous year. I find the proposed rates to be reasonable and hereby award them herein. And all time billed to the matter was also reasonably incurred.

## ATTORNEY COSTS

Petitioner has requested $14,413.52 in litigation costs comprised of obtaining medical records, the Court's filing fee, travel expenses and mediation costs. Petitioner has provided supporting documentation for all claimed costs. ECF No. 72 at 13-51. However, like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Based on the invoices submitted with Petitioner's request, attorney McCullough traveled from Pennsylvania to Connecticut for an in-person mediation with Petitioner on May 7, 2024.

While travel costs related to the Vaccine Claim are generally compensable, excessive costs claimed for upgraded methods of transportation, extravagant meals and luxury hotels are not. Accordingly, I deny reimbursement of the upgraded "Main Cabin Extra" seating charge, reducing the costs to be awarded by **$33.54.** I find all other claimed costs and travel expenses reasonable and shall be awarded.

For mediation services, Petitioner requests $10,982.03 for work performed by former Chief Special Master Gary Golkiewicz. Motion at 44-45. Mr. Golkiewicz's request

2

reflects 42.80 hours of work at a rate of $464.00 per hour consisting of meetings with the parties, reviewing and drafting documents and travelling for and attending the mediation. Mr. Golkiewicz has previously been awarded this rate in the past. *See Blair v. Sec'y of Health & Hum. Servs.*, No. 19-894V, 2022 WL 17852432, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2022). After review of his invoice I find these costs reasonable and shall be awarded in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$62,659.88 (representing $48,279.90 in fees plus $14,379.98 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran  
Brian H. Corcoran  
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.